UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:
SHATOYA WILLIAMS,

                Plaintiff,

    -against-

FIREQUENCH, INC., individually and d/b/a
FIRETRONICS,

                Defendant.
------------------------------------------------------------------X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by and through her attorneys, Phillips & Associates, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e et. seq. ("Title VII"), as well as to remedy violations of the New State York Executive Law and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court, pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by Defendant on the basis of her sex/gender, together with failure to hire.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §2000e *et seq.*; 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. The Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship, and the matter in controversy exceeds, exclusive of interest

and costs, the sum of $75,000.00.

5. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

6. On or about July 10, 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

7. On or about April 6, 2021, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

8. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

9. Plaintiff is a female resident of the State of Virginia.

10. At all times material, Defendant FIREQUENCH, INC., individually and d/b/a FIRETRONICS, (hereinafter also referred to as "FIREQUENCH") was and is a domestic business corporation duly incorporated under the laws of the State of New York.

11. At all times material, Defendant FIREQUENCH's principal place of business was and is located at 38 East 32nd Street, New York, NY 10016.

12. At all times material, Plaintiff was qualified for the position of Fire Alarm Technician.

13. At all times material, Plaintiff was a prospective employee of Defendant FIREQUENCH.

## MATERIAL FACTS

14. On or about May 15, 2019, Plaintiff applied for a Fire Alarm Technician position with Defendant FIREQUENCH via Indeed.com. The post indicated that the job was with Firetronics, Inc[1].

---

[1] According to the website for the Secretary of State for the State of New York, Firetronics, Inc. is an inactive business corporation.

15. On or about May 17, 2019, Plaintiff received a telephone call from (212) 704-2068 by Jane Doe (first and last name being fictitious), an unidentified woman that works for Defendant FIREQUENCH. Ms. Doe told Plaintiff, "We received your job application. Are you female?" Plaintiff replied, "Yes, I am a woman." Ms. Doe then told Plaintiff, "**I apologize but we don't hire females for this position**." Plaintiff responded, "I've never heard that before. Why don't you hire women?" Ms. Doe stated that "The job requires you to work in skyscrapers and tall buildings and our insurance company won't allow us to hire females for that position." As a result, Plaintiff hung up the telephone.

16. Shortly thereafter, Plaintiff called Defendant FIREQUENCH back to get more information. Plaintiff told the woman who answered Defendant's telephone that she just received a call and was told that she could not be hired for the Fire Alarm Technician position because she was a woman. The woman who answered Defendant FIREQUENCH's telephone responded, "You must have spoken with Karen or Mary. They're both busy right now. I will document everything in your file."

17. On or about May 20, 2019, Plaintiff called Defendant FIREQUENCH again. This time, the woman who answered Defendant's phone greeted Plaintiff by saying, "[Defendant] FIREQUENCH, good afternoon, how can I help you?" Plaintiff asked Ms. Doe, "I just want to confirm that even if I am qualified for the position that I applied for, because I am a female, I can't [get the job]." Ms. Doe replied, "We can't really converse … **but the answer to your question is Yes**. That is what you were told."

18. To date, Defendant FIREQUENCH has not contacted Plaintiff again about her job application.

19. On or about May 17, 2019, Defendant FIREQUENCH failed to hire, or ceased to consider Plaintiff, for the Fire Alarm Technician position because of her sex/gender.

20. Defendant's contract/policies specifically discriminated against Plaintiff because of her sex/gender.

21. At all times material, Defendant had a practice and/or policy that discriminated against certain applicants based on their sex/gender.

22. As a result of Defendant's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

23. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered, and continues to suffer, severe emotional distress and physical ailments.

24. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

25. As Defendant's conduct has been malicious, willful, outrageous, and conduct with full knowledge of the law, Plaintiff demands punitive damages.

### AS A FIRST CAUSE OF ACTION
### UNDER TITLE VII
### DISCRIMINATION

26. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

27. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section 2000e *et seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's

violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

28. Defendant FIREQUENCH engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*., by discriminating against Plaintiff because of her sex.

## AS A SECOND CAUSE OF ACTION
## UNDER STATE LAW
## <u>DISCRIMINATION</u>

29. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

30. The New York State Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's … sex … to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

31. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex, together with failure to hire.

32. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

## AS A THIRD CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>DISCRIMINATION</u>

33. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

34. The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived … gender … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

35. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discriminating against the Plaintiff on the basis of gender, together with failure to hire.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by Title VII, the New York State Executive Law, and the Administrative Code of the City of New York; and that Defendant discriminated against Plaintiff on the basis of her basis of her sex/gender, together with failure to hire;

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, Punitive Damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
　　　　May 7, 2021

　　　　　　　　　　　　　　　　　　　**PHILLIPS & ASSOCIATES, PLLC**
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*


　　　　　　　　　　　　　　　　By: */s/ Gregory W. Kirschenbaum*
　　　　　　　　　　　　　　　　　　　Gregory W. Kirschenbaum, Esq.
　　　　　　　　　　　　　　　　　　　45 Broadway, Suite 430
　　　　　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　　　　　(212) 248-7431