UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
       :
SHATOYA WILLIAMS,       :
       :       21 Civ. 4112 (PAE) (JLC)
                    Plaintiff,   :
       :       ORDER
             -v-       :
       :
FIREQUENCH INC. d/b/a FIRETRONICS,       :
       :
                   Defendant.  :
       :
------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

      A default judgment as to liability was entered on December 16, 2021 in favor of plaintiff Shatoya Williams against defendant Firequench Inc. ("Firequench"), which failed to answer or thereafter appear, notwithstanding having been validly served with the Summons and Complaint at the address on file with the New York Secretary of State. An inquest as to damages was thereafter undertaken by Magistrate Judge Cott, who, in a Report and Recommendation issued August 19, 2022, recommended awarding Williams $142,421.45 in damages. On September 1, 2022, Firequench appeared for the first time in this action, Dkt. 25, and, on September 9, 2022, moved to vacate the default, Dkt. 30.

      The Court is currently considering Firequench's motion to vacate the default judgment entered against it. *Id.*; *see* Dkt. 35 (opposition to the motion). On September 29, 2022, the Court informed Firequench that it intended to condition any vacatur of the default judgment on Firequench's payment of all fees and costs plaintiff reasonably incurred in connection with pursuing the default judgment and the inquest. Dkt. 36. In that same Order, the Court directed Firequench to explain the means by which it claims to have first learned of this lawsuit.

On October 11, 2022, counsel for the plaintiff filed a sworn declaration submitting its client's costs incurred in preparing the motion for default judgment, Dkt. 37, and on October 18, 2022, defendant's counsel filed an affirmation contesting the reasonableness of those costs, Dkt. 38, along with a sworn declaration from Desmond Burke, the owner of Firequench, Dkt. 38-1.

In that declaration, Burke attests to the following: "Firequench did not receive any of the papers that were filed in this action, save the Report and Recommendation by Magistrate Cott, which was sent to our office via US Mail. Up until that point of time, my company never received any court filings from either the Plaintiff or from the Secretary of State. As indicated above, Firequench first became aware of this action on August 31, 2022 when it received the Report and Recommendation in the Mail from Division of Labor Standards, State Office Building Campus, Room 266A-IPCS, Albany New York 12240. A copy of the Letter we received the Report and Recommendation is attached as Exhibit 1." Docket 38-1 contains an image of the outside of an envelope, with the recipient listed as Firequench, and the return address as one belonging to the Division of Labor Standards. The image does not capture a stamp or any official postal markings.

On October 24, 2022, plaintiff's counsel filed a letter noting "two troubling issues" with Burke's affidavit. These are that (1) an explanation is lacking as to why the Division of Labor Standards would have been involved in this case such that it mailed the Report and Recommendation to the defendant; and (2) the scanned copy of the envelope is "cut off on the side" such that "it is unclear when the envelope was mailed." Dkt. 39. The Court shares plaintiff's grave doubts about the authenticity of the mailing allegedly received by Firequench from the Division of Labor Standards. There are indeed numerous indicia of the mailing's non-

authenticity to which the Court has alerted. And Firequench does not explain why this state agency would have taken it upon itself to mail a Report and Recommendation to Firequench.

Accordingly, on the present record, the Court cannot credit Firequench's account of how it purportedly became aware of the lawsuit. Absent independent corroborating proof that Firequench first learned of the lawsuit from a mailing by the Division of Labor Standards, as opposed to strategically waiting to surface until after the recent damages inquest, the Court will not vacate the default.

The Court will, however, give Firequench a final opportunity to supply credible proof that it learned of this action via an August 2022 mailing from the Division of Labor Standards. Specifically, the Court authorizes Firequench to file with the Court a letter by November 7, 2022 that (1) certifies that the scanned image at Docket 38-1 accurately depicts the envelope received by Firequench on August 31, 2022; (2) attaches scanned copies of all items contained in that mailing and of the envelope in full; and (3) attaches as an exhibit a sworn declaration from a competent official within the Division of Labor Standards attesting that the agency sent the envelope at Docket 38-1 and its contents to Firequench around August 31, 2022, and explaining why the agency did so.

SO ORDERED.

                                                                                   *Paul A. Engelmayer*
                                                                                  Paul A. Engelmayer
                                                                                  United States District Judge

Dated: October 25, 2022
       New York, New York